# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| **DENITA D. OATTS,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| **CAROLYN W. COLVIN, acting Commissioner of the Social Security Administration,** | ) Cause No. 1:13-cv-473-WTL-TAB ) ) ) |
| Defendant. | ) ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Denita Oatts requests judicial review of the final decision of Defendant, Carolyn W. Colvin, Commissioner of the Social Security Administration ("Commissioner"), denying Ms. Oatts' application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). Court rules as follows.

### I. PROCEDURAL HISTORY

Denita Oatts protectively filed for DIB on April 8, 2010, alleging she became disabled on September 28, 2010, due to widespread pain and depression after she experienced a fall at work in June 2009. Ms. Oatts' application was denied initially on August 6, 2010, and again upon reconsideration on October 13, 2010. Following the denial upon reconsideration, Ms. Oatts requested and received a hearing in front of an Administrative Law Judge ("ALJ"). A video hearing, during which Ms. Oatts was represented by counsel, was held in front of ALJ JoAnn L. Anderson on August 17, 2011. The ALJ issued her decision denying Ms. Oatts' claim on October 21, 2011. The Appeals Council also denied Ms. Oatts' request for review on January

16, 2013. After the Appeals Council denied review of the ALJ's decision, Ms. Oatts filed this timely appeal.

## II. EVIDENCE OF RECORD

The evidence of record is aptly set forth in Ms. Oatts' brief. Specific facts are set forth in the discussion section below where relevant.

## III. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b).[1] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-

---

[1] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate her analysis of the evidence in her decision; while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176.

## IV.    THE ALJ'S DECISION

The ALJ determined at step one that Ms. Oatts had not engaged in substantial gainful activity since June 5, 2009, the alleged onset date. At steps two and three, the ALJ concluded that Ms. Oatts has the severe impairments of "lumbar stenosis L4-5, tarsal tunnel syndrome of left foot, obesity, and depression," R. at 26, but that her impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ determined that Ms. Oatts had the residual functional capacity ("RFC") to perform light work with the following

restrictions: "[S]he can only occasionally climb balance, stoop, kneel, crouch, and crawl. She cannot climb ladders or scaffolds, or work at heights. She is also limited to simple, routine work." *Id*. at 28. Given that RFC, the ALJ determined that she could not perform any of her past relevant work. Finally, at step five the ALJ determined that Ms. Oatts could perform a range of work that exists in the national economy, including work as a small products assembler, assembly press operator, and a plastics hand packager. Accordingly, the ALJ concluded that Ms. Oatts was not disabled as defined by the Act.

## V. DISCUSSION

In her brief in support of her Complaint, Ms. Oatts argues that the ALJ: 1) erred in failing to assign proper weight to her treating physicians; and 2) erred in failing to adequately address whether her physical impairments met or medically equaled a Listing. Her arguments will be addressed, in turn, below.

### A. Drs. Prahlow and Smerek

First, Ms. Oatts argues that the ALJ failed to assign proper weight to two of her treating physicians' opinions. A recent Seventh Circuit opinion described what is commonly referred to as "the treating physician rule":

> A treating physician's opinion is entitled to controlling weight if it is supported by medical findings and consistent with substantial evidence in the record. If this opinion is well supported and there is no contradictory evidence, there is no basis on which the administrative judge, who is not a physician, could refuse to accept it. But once well-supported contradicting evidence is introduced, the treating physician's evidence is no longer entitled to controlling weight and becomes just one more piece of evidence for the ALJ to consider.

*Bates v. Colvin*, 736 F.3d 1093, 1099-100 (7th Cir. 2013) (internal quotation marks and citations omitted). Ms. Oatts argues that while the ALJ did not give controlling weight to Dr. Nathan Prahlow's opinion, she failed to note what weight, if any, she did give. Further, Ms. Oatts argues

4

that the ALJ erred in failing to discuss why Dr. Jonathan Smerek's opinion was not entitled to controlling weight.

On February 2, 2010, Dr. Smerek, an orthopedic surgeon at Methodist Occupational Health Centers, Inc. ("MOHCI"), opined that Ms. Oatts should "continue on seated-only duty." R. at 476; *see also id*. at 424 (showing the box for "Sitting Only" marked). Similarly, on March 2, 2010, Dr. Prahlow, a physical medicine and rehabilitation specialist with MOHCI, recommended that Ms. Oatts should "have permanent work restrictions of work at the sedentary level of duty." *Id*. at 475. Despite these two opinions, Dr. J.V. Corcoran, completed Ms. Oatts' physical RFC assessment in August 2010, and concluded that she could perform light work.[2] *Id*. at 609-16.

In not assigning controlling weight to Dr. Prahlow's opinion, the ALJ noted the following:

> A review of the medical evidence outlined above reflects the claimant has impairments of the lumbar spine and left foot but the findings associated with those conditions do not limit her beyond a limited range of light work. . . . Due to minimal findings from various studies, the claimant's noncompliance with treatment, and the conservative treatment offered to the claimant, Dr. Prahlow's sedentary assessment is not consistent with the overall evidence. Although the claimant may have been limited to seated work in the months immediately following her injury, the record does not support that this was a permanent limitation.

*Id*. at 31. The ALJ did not mention what weight she assigned to Dr. Smerek's opinion.

The Court does not see any error in the ALJ concluding that Dr. Prahlow's report was not entitled to *controlling* weight. As noted above, Dr. Corcoran offered an opinion that contradicted the opinions of both Drs. Prahlow and Smerek; he concluded Ms. Oatts was capable

---

[2] Jobs are classified as "light work" when they "require a good deal of walking or standing." 20 C.F.R. § 404.1567. In contrast, "a sedentary job is defined as one which involves sitting[.]" *Id*.

5

of light work, while her treating physicians concluded she was only capable of sedentary work. However, the Court agrees with Ms. Oatts that the ALJ erred in not assigning *any weight*, and in seemingly rejecting her treating physicians' opinions, both of whom had seen Ms. Oatts on a regular basis since August and October 2009, respectively. *See, e.g.*, *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008) ("Given that there were two treating physicians, that they were both specialists in psychiatric disorders, and that they examined the plaintiff over a period of years, the checklist required the administrative law judge to give great weight to their evidence unless it was seriously flawed.").

The Seventh Circuit has held that, "'[i]f an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion.'" *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (quoting *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) (citing 20 C.F.R. § 404.1527(d)(2)). The ALJ failed in this regard. While ignoring some factors altogether, the ALJ simply noted Ms. Oatts' "minimal findings," her "noncompliance,"[3] and her "conservative treatment." This is an insufficient justification for seemingly rejecting two specialized treating physicians who regularly saw Ms. Oatts and were familiar with her injuries. Despite the ALJ's classification of "minimal findings," Drs. Prahlow and Smerek's treatment notes reflect that Ms. Oatts does experience pain, severe enough for both of them to conclude she should be restricted to sedentary work. Further, the fact that more aggressive treatment, i.e. surgery, was not available and/or recommended for Ms. Oatts does

---

[3] The Court does not agree that Ms. Oatts' alleged noncompliance is a reason to discount or reject her treating physicians' opinions. It may be a factor the ALJ considers in her credibility determination, but the fact that Ms. Oatts did not want back injections does not seem to discredit her physicians' opinions that she should be restricted to sedentary work.

mean that their opinions are incorrect. *See Liskowitz v. Astrue*, 559 F.3d 736, 741 (7th Cir. 2009) (reversing, in part, because the ALJ "impermissibly played doctor" and "improperly substituted her own, non-professional opinion for that of [the claimant's] treating physician"). On remand, the ALJ should carefully consider the factors noted above and specifically note what weight she assigns to *both* Drs. Prahlow and Smerek.[4]

### B. The ALJ's Step Three Determination

Ms. Oatts next argues that the ALJ erred at step three because she did not discuss which Listings she considered in determining that her physical impairments did not meet or medically equaled a Listing. While the ALJ did consider whether Ms. Oatts' mental impairments met or medically equaled Listings 12.02, 12.04, and 12.06, the ALJ offered no analysis with regard to her physical impairments. Ms. Oatts argues that this error requires remand.

Ms. Oatts is correct that the Seventh Circuit has cautioned that an ALJ should, at step three, cite the specific Listing she is considering. *See, e.g.*, *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002) (reversing in part because the ALJ failed to discuss or reference a Listing); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (noting that "an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing"). However, it has also noted that the ALJ's failure to do so does not require an automatic reversal. *See Rice v. Barnhart*, 384 F.3d 363, 369-70 (7th Cir. 2004) ("As to Rice's argument that the ALJ's failure to explicitly refer to the relevant listing alone necessitates reversal and remand, we have not yet so held and

---

[4] The Commissioner argues that the ALJ was "not unreasonable" in finding Dr. Prahlow's "limitations less than persuasive," Def. Brief at 10, because they seemingly were based on Ms. Oatts' own statements. The Court notes, however, that this was not a reason the ALJ gave for discrediting Dr. Prahlow's opinion, and therefore, is an impermissible argument. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (noting that the *Chenery* doctrine "forbids an agency's lawyers to defend the agency's decision on grounds that the agency itself had not embraced").

decline to do so here."). Further, as the Commissioner correctly notes, the burden was on Ms. Oatts to prove that her conditions meet or medically equal a Listing. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006) ("Ribaudo [the claimant] has the burden of showing that his impairments meet a listing, and he must show that his impairments satisfy all of the various criteria specified in the listing.").

Ms. Oatts has failed in this regard. She has not specified to the Court which Listing she believes she meets or medically equals, and has cited no medical evidence at all suggesting her physical impairments meet or medically equal a Listing.[5] It appears that perhaps the most likely and relevant Listings would be 1.02,[6] major dysfunction of a joint, for her tarsal tunnel syndrome, and 1.04,[7] disorder of the spine, for her lumbar stenosis. Regardless, both Listings require an "inability to ambulate effectively" which Ms. Oatts cannot meet. While she does use a cane for assistance when she walks, "'[i]neffective ambulation' is 'defined generally' as requiring the use of a hand-held device that limits the functioning of *both upper extremities*." *Moss*, 555 F.3d at 562 (citing 20 C.F.R. pt. 404, subpt. P, App. 1, § 1.00(B)(2)(a)) (emphasis added). It seems, therefore, that the ALJ's failure to cite the relevant Listings with regard to Ms. Oatts' physical impairments was harmless error. However, given the fact that this case is being remanded for other reasons, on remand, the ALJ should specifically note which Listings she

---

[5] The Court notes that Ms. Oatts' sole argument with respect to the ALJ's step three determination is that reversal is warranted because she did not specifically mention a Listing. She did not file a Reply brief responding to the Commissioner's argument that she did not meet her burden of showing how she met a Listing.

[6] The relevant part of Listing 1.02 requires "[i]nvolvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively[.]" 20 C.F.R. pt. 404, subpt. P, App. 1, § 1.02(A).

[7] The relevant part of Listing 1.04—that for lumbar spinal stenosis—requires "pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively[.]" 20 C.F.R. pt. 404, subpt. P, App. 1, § 1.04(C).

considered with regard to Ms. Oatts' physical impairments and explain why she does not meet or medically equal those Listings.

### VI. <u>CONCLUSION</u>

As set forth above, the ALJ in this case erred in her treatment of Ms. Oatts' treating physicians' opinions. The decision of the Commissioner is therefore **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 05/27/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication